68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eskarleth Zelidey ESCOBAR-ALVAREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70934.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eskarleth Zelidey Escobar-Alvarez, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing her appeal from the immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 Here, the BIA conducted a de novo review and expressly adopted the decision of the IJ. The BIA, however, made additional determinations with respect to Escobar-Alvarez's claims of past persecution and well-founded fear of persecution. "Where the Board exercises its power to conduct a de novo review of the record, our review is limited to the decision of the Board except to the extent that the IJ's opinion is expressly adopted by the Board." Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir. 1995). We review for abuse of discretion the BIA's denial of asylum, see Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992), and for substantial evidence the decision to deny the withholding of deportation, see Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir. 1995). We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Abedini, 971 F.2d at 191.
 
 
 4
 To qualify for asylum, Escobar-Alvarez must demonstrate that she has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1101(a)(42), 1158(a); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). To qualify for withholding of deportation, Escobar-Alvarez must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir. 1993).
 
 
 5
 Escobar-Alvarez contends that the BIA abused its discretion by denying her asylum application because she established a showing of past persecution or a well-founded fear of future persecution. This contention lacks merit.
 
 
 6
 In support of her persecution claim, Escobar-Alvarez testified that she was (1) associated with her father's anti-Sandinista views; (2) reprimanded by her superiors for failing to teach Sandinista curriculum; (3) believed that she was being speid upon; (4) harassed at her family home by a member of the Sandinista security force; and (5) had a warrant issued for her arrest for allegedly being a Contra.
 
 
 7
 While in Nicaragua, Escobar-Alvarez was never detained or arrested. She did not lose her job as a teacher. Further, Escobar-Alvarez testified that her family still lives in Nicaragua, and that only her brother has encountered any problems with the Sandinistas.[1] Finally, Escobar-Alvarez provided no evidence that the current Nicaraguan government was going to enforce the alleged arrest warrant if she returned to Nicaragua. Accordingly, there was substantial evidence in the record supporting the BIA's determination that Escobar-Alvarez's fear of persecution was not well-founded. See Kotasz v. INS, 31 F.3d 847, 851 (9th Cir. 1994).[2]
 
 
 8
 Because the standard for the withholding of deportation is higher than the standard for a grant of asylum and because Escobar-Alvarez did not meet the lower standard for a grant of asylum, we affirm the BIA's denial of Escobar-Alvarez's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 Escobar-Alvarez also contends that the BIA improperly took administrative notice of the change of government in Nicaragua. This contention lacks merit. Escobar-Alvarez had notice of the political changes in Nicaragua prior to her hearing and had the opportunity to discuss the effect of those changes on her asylum claim. See Getachew v. INS, 25 F.3d 841, 845-46 (9th Cir. 1994)
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Escobar-Alvarez's brother Crisanto was accused of being anti-Sandinista and was detained several times while the Sandinistas were in power. He was always released for lack of evidence. Crisanto was also accused of rape, but those charges were dropped
 
 
 [2]
 With respect to past persecution, Escobar-Alvarez failed to show she suffered "under atrocious forms of persecution." See Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int. Dec. 3104 at 4 (BIA 1989))